IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD D. THORNTON, JR., ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-11-496-D |
| PPG INDUSTRIES, INC., *et al.*, ) | |
| Defendants. ) | |

## ORDER

Upon examination of the Complaint, the Court finds insufficient factual allegations regarding the citizenship of the parties to establish diversity jurisdiction under 28 U.S.C. § 1332(a).[1] Plaintiff states that two defendants are corporations, but fails to allege for each corporation both the states where it was incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The Complaint also fails to allege the citizenship of Plaintiff and the individual defendants; merely alleging a place of residence is not sufficient. *See Whitelock v. Leatherman*, 460 F.2d 507, 514-15 (10th Cir. 1972).

Therefore, because the Complaint fails to allege subject matter jurisdiction, the Court directs Plaintiff to cure this deficiency by filing an amended complaint within 14 days of this Order.

IT IS SO ORDERED this 11th day of May, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).